IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. ERIC DEWAYNE WALLACE

**Appeal from the Criminal Court for Shelby County**
**No. 95-03053, 95-03054, 95-03055      J. Robert Carter, Jr., Judge**

———————————————————

### No. W2018-00171-CCA-R3-CD

———————————————————

The Defendant, Eric Dewayne Wallace, appeals the Shelby County Criminal Court's dismissal of his motion to correct an illegal sentence. The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Because the Defendant has failed to establish that his sentence is illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Eric Dewayne Wallace, Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Glen Baity, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1996, the Defendant was convicted of first degree murder and attempt to commit first degree murder, for which he received sentences of life and fifteen years, respectively. *State v. Eric D. Wallace*, No. 02-C-01-9604-CR-00125, 1997 WL 421011, at *1 (Tenn. Crim. App. July 28, 1997), *perm. app. denied* (Tenn. Apr. 6, 1998); *see also Eric Wallace v. State*, No. W2000-02854-CCA-R3-CD, 2002 WL 1483204, at *1 (Tenn. Crim. App. Feb. 19, 2002), *perm. app. denied* (Tenn. Sept. 9, 2002). The Appellant's convictions and sentences were upheld on direct appeal to this court, and our supreme court denied his application for permission to appeal. *Eric D. Wallace*, 1997 WL

421011, at *1. He subsequently filed a petition for post-conviction relief, which was denied by the post-conviction court. This court affirmed the denial of the petition, and our supreme court again denied permission to appeal. Wallace, 2002 WL 1483204, at *1.

In November 2017, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, contending that his sentence of life for first degree murder was illegal because it was imposed by the trial court rather than the jury. He argued that the relevant statute required that his sentence be imposed by the jury and, thus, the method of sentencing contravened the applicable statute and rendered his sentence illegal. The trial court denied the 36.1 motion without a hearing. The court found that the Defendant was sentenced to life "by operation of law" because the State did not file a notice to seek enhanced punishment and a life sentence was mandatory upon conviction. The court further concluded that the Defendant's complaint was about the sentencing process and was not an issue cognizable under 36.1. Finally, the court noted that this Court had previously determined that the Defendant's sentence was imposed correctly.

Rule 36.1 permits a defendant to seek correction of an unexpired *illegal* sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015) (emphasis added). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The meaning of "illegal sentence" as defined in Rule 36.1 was interpreted to mean that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). Our supreme court reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* The court further noted that the definition of an "illegal sentence" under Rule 36.1 "is coextensive with, and actually mirrors" the definition of an illegal sentence used in the habeas corpus context. *Id.* at 587.

Appealable errors include those that "involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* at 595. At the time the Defendant was sentenced, a person convicted of first degree murder could be punished "by death or by imprisonment for life." Tenn. Code Ann. § 39-13-202 (1991). Thus, as this court has previously held, the Defendant's "life imprisonment sentence is not

illegal." *Wallace v. Chapman*, No. M2012-00749-CCA-R3-HC, 2012 WL 5543055 (Tenn. Crim. App. Nov. 9, 2012). Rather, the Defendant's attack on the trial court's method of imposing his life sentence falls firmly into the category of appealable errors.

We therefore conclude that the trial court's summary dismissal of the petition was proper. It is well established that the relief embodied in Tennessee Rule of Criminal Procedure 36.1 is limited in scope and may only be invoked where the defendant's sentence is illegal.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE